## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STELLA RAYBURN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-1160-G |
| | ) |
| **BRAUM'S INC. et al.,** | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Now before the Court is the Motion of Defendant Braum's Inc. ("Braum's") (Doc. No. 10) seeking partial dismissal of Plaintiff's Complaint (Doc. No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the Motion (Doc. No. 14) and Defendant has replied (Doc. No. 15).

I.   *Summary of the Pleadings*

Plaintiff Stella Rayburn was an employee of Braum's from September 2018 until her termination on January 11, 2020. Compl. (Doc. No. 1) ¶¶ 12, 20. Ms. Rayburn alleges that, during her 28-month employment with Braum's, she was subjected to "severe and pervasive harassment" from her supervisor Ron Grunden. *Id.* ¶ 13.

Ms. Rayburn alleges that Mr. Grunden "engaged in repeated unwanted physical touching of [her], which included touching her breasts, rubbing his pelvic area against her when he would walk behind her or stand behind her . . . massag[ing] her shoulders[,] and other similar inappropriate and physical touching." *Id.* ¶ 14. On one occasion, says Ms. Rayburn, Mr. Grunden kissed Ms. Rayburn on the cheek and "told her she tasted good."

*Id.* Apart from the unwelcome touching, Mr. Grunden "made inappropriate sexually explicit comments to [Ms. Rayburn] on a regular basis." *Id.* ¶ 15. This behavior "made [Ms. Rayburn] feel extremely uncomfortable" and "altered her work environment" in a negative way. *Id.* ¶ 16.

Ms. Rayburn alleges she "objected to Mr. Grunden's behavior on one occasion and in response, [Mr. Grunden] threatened to send her home from work." *Id.* ¶ 18. Fearful of losing her job, Ms. Rayburn did not complain directly to Mr. Grunden any further. *Id.*

Ms. Rayburn alleges that in early January 2020 she reported Mr. Grunden's conduct to Jennifer Hall, the Store Manager, as well as the Assistant Manager and three shift supervisors. *Id.* ¶ 19. Ms. Hall told Ms. Rayburn "that since she didn't object to the behavior directly to Mr. Grunden . . . that it wasn't harassment." *Id.* "The harassment continued" thereafter, and "it appeared [to Ms. Rayburn] [that] no disciplinary action was taken against Mr. Grunden." *Id.*

Ms. Rayburn alleges that Braum's terminated her employment on January 11, 2020, in retaliation for Ms. Rayburn's complaints about Mr. Grunden. *Id.* ¶ 20. Ms. Rayburn further alleges that Braum's was aware of Mr. Grunden's "propensity to engage in such [inappropriate] behavior," as it had previously issued Mr. Grunden a "written discipline" for "sexually harassing a seventeen-year-old female employee of Braum's." *Id.* ¶ 17. Braum's nonetheless "allowed [the harassment] to continue and allowed Mr. Grunden to remain employed." *Id.*

II. *Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) prescribes that a defendant may seek dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III. *Analysis*

Braum's seeks dismissal of Ms. Rayburn's claim for intentional infliction of emotional distress ("IIED").[1] To state a claim for IIED, a plaintiff must plausibly allege:

---

[1] Ms. Rayburn additionally advances claims against Braum's for sexual harassment and sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

3

"(1) that the tortfeasor acted intentionally or recklessly; (2) that the tortfeasor's conduct was extreme and outrageous; (3) that plaintiff actually experienced emotional distress; and (4) that the emotional distress was severe." *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 (10th Cir. 1991). It is for the trial court to determine, in the first instance, whether the defendant's conduct is sufficiently outrageous and whether the distress allegedly suffered by the plaintiff is sufficiently severe. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 720-21 (10th Cir. 2000).

    A.    Outrageousness

A plaintiff proceeding under an IIED theory must plead, and eventually prove, "that the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and that such conduct is regarded as atrocious and utterly intolerable in a civilized community." *Comput. Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). "[C]onduct is not extreme and outrageous if it amounts to no more than mere insults, indignities, or petty oppressions." *Daemi*, 931 F.2d at 1388.

Braum's argues, and the Court agrees, that Ms. Rayburn's allegations do not reflect "outrageous" conduct on the part of Braum's sufficient to state a claim.[2] *See* Def.'s Mot. (Doc. No. 10) at 6-11. Ms. Rayburn's allegations, if proven true, would establish: (1) that Braum's had previously issued Mr. Grunden a "written discipline" for sexually harassing another female employee, *id.* ¶ 17; (2) that Braum's terminated Ms. Rayburn's employment for "voic[ing] her complaint" about Mr. Grunden's misconduct, *id.* ¶ 20; and (3) that

---

[2] The Court expresses no opinion on the issue of whether Mr. Grunden's behavior qualifies as extreme and outrageous under the applicable standard.

4

Braum's did not take immediate disciplinary action against Mr. Grunden in response to Ms. Rayburn's complaint, *id.* ¶ 19.

Courts have been reticent to impose tort liability on employers based on the conduct of employees—no matter how egregious—of which they are unaware. *See Zahorsky v. Cmty. Nat'l Bank of Alva*, 883 P.2d 198, 199-200 (Okla. Civ. App. 1994) (employer's failure to discipline an employee that "forced [another employee] to have sex with him against her will at least seven times" was not outrageous where there was no evidence the employer had knowledge of the misconduct). By Ms. Rayburn's own account, she did not report Mr. Grunden's alleged misconduct until "early January 2020," within days of her termination on January 11, 2020. Compl. ¶¶ 19-20. Braum's alleged failure to impose near-immediate discipline on Mr. Grunden cannot be fairly characterized as sufficiently outrageous to satisfy Oklahoma's demanding IIED standard—i.e., conduct "so extreme in degree as to go beyond all possible bounds of decency" as to be regarded as "atrocious and utterly intolerable in a civilized community." *Welton*, 49 P.3d at 735; *see Miner v. Mid-Am. Door Co.*, 68 P.3d 212, 223 (Okla. Civ. App. 2003) (employer did not exhibit outrageous conduct by failing to timely reassign an employee that was harassing the plaintiff).

Ms. Rayburn asserts that Braum's was aware of Mr. Grunden's "propensity" to sexually harass female coworkers because it had previously disciplined Mr. Grunden for engaging in such conduct. *Id.* ¶ 17. Implicit in this assertion is: (1) that Braum's had constructive knowledge of Mr. Grunden's alleged misconduct towards Ms. Rayburn; and/or (2) that Braum's should have terminated Mr. Grunden's employment or otherwise

5

disciplined him more severely in response to the prior incident. Ms. Rayburn's conclusory allegation that Mr. Grunden "sexually harassed" another female coworker, without factual allegations identifying the nature of the alleged harassment and/or the extent of Braum's knowledge about it, is not enough to establish sufficiently "outrageous" conduct on the part of Braum's to satisfy Oklahoma's demanding IIED standard. *See Johnson v. Jacksons of Enid, Inc.*, No. CIV-09-1303-C, 2010 WL 1757298, at *2 (W.D. Okla. Apr. 30, 2010) (plaintiff did not establish outrageousness when she alleged that her employer "did nothing" in response to complaints that another employee had been "calling [her] on the company intercom phone, telling her that she was sexy, "asking her provocative questions," and had "on two separate occasions . . . told [another employee] that [p]laintiff was having sexual intercourse with one or more [coworkers]"); *Hannah v. TCIM Servs., Inc.*, No. 10-CV-0255-CVE-FHM, 2011 WL 2173862, at *3 (N.D. Okla. June 2, 2011) (plaintiff did not establish outrageousness when she alleged that her employer took no remedial action in response to complaints that a coworker "'repeatedly and chronically touched, patted, and/or squeezed [her] in an unwanted, impermissible, and inappropriate fashion'"); *Davis v. AHS Pawnee Hosp.*, No. 07-CV-0723-CVE-SAJ, 2008 WL 5234639, at *10 (N.D. Okla. Dec. 15, 2008) (allegations that employer "took no action when it knew or should have known about [another employee's] improper behavior" towards plaintiff did not establish outrageousness when there was no "suggest[ion] that [the] employer intentionally permitted [the] conduct to continue").

What remains is Ms. Rayburn's allegation that Braum's terminated her employment in retaliation for "voic[ing] her complaint" about Mr. Grunden's misconduct. Compl. ¶ 20.

This allegation, if proven true, would establish reprehensible conduct on the part of Braum's to be sure, but again would not suffice to establish "outrageousness" under Oklahoma's IIED standard. *See Hannah*, 2011 WL 2173862 at *3 (plaintiff did not establish outrageousness when she alleged she was terminated in retaliation for reporting unwanted harassment).

Accordingly, Ms. Rayburn has not satisfied her pleading burden with respect to the outrageousness prong of her IIED claim.

B.  Severity of Distress

Even if Ms. Rayburn had pleaded sufficiently outrageous conduct on the part of Braum's, she has not alleged sufficiently severe distress on her part. Under Oklahoma law, the distress required to sustain an IIED claim "must be of such a character that 'no reasonable person could be expected to endure it.'" *Daemi*, 931 F.2d at 1389 (citing Restatement (Second) of Torts § 46 cmt. j (Am. Law Ins. 1975).

Ms. Rayburn offers only conclusory allegations that Mr. Grunden's behavior "made [her] extremely uncomfortable," "altered her work environment," and caused her to experience "severe emotional and psychological damage." Compl. ¶¶ 16, 27. These allegations, without more, are insufficient to state a claim under *Twombly* and *Iqbal*. *See Salinas v. Trucking*, No. CIV-16-1186-D, 2017 WL 972134, at *5 (W.D. Okla. Mar. 10, 2017) (plaintiff's allegations that defendant's conduct "'caused [her] severe emotional distress'" and caused her to experience "'psychological problems during her employment and after her termination'" were legally insufficient to establish severity of distress); *Keeth v. Terumo Med. Corp.*, No. CIV-11-828-C, 2012 WL 353779, at *2 (W.D. Okla. Feb. 1,

7

2012) (dismissing IIED claim on the ground that plaintiff "failed to offer non-conclusory allegations from which a reasonable jury could find that her distress was severe"); *Youngblood v. TCIM Servs., Inc.*, No. 10-CV-0378-CVE-PJC, 2011 WL 3111958, at *5 (N.D. Okla. July 26, 2011) (plaintiff's "vague allegation that defendant's conduct 'caused [her] severe emotional distress'' did not satisfy the federal pleading requirements).

IV.   *Leave to Amend*

Ms. Rayburn requests, as an alternative to dismissal, an opportunity to amend her Complaint. *See* Pl.'s Resp (Doc. No. 14), at 3, 5. The Court grants this request. Within fourteen days of this order, Ms. Rayburn may seek leave to amend her Complaint by filing a motion that complies with Local Civil Rule 15.1.

## CONCLUSION

For the reasons explained above, Defendant's Partial Motion to Dismiss (Doc. No. 10) is GRANTED.

IT IS SO ORDERED this 1st day of March, 2021.

*[signature]*
CHARLES B. GOODWIN
United States District Judge